UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA ROBINSON,

    Plaintiff,

v.                                                    Case No: 8:22-cv-2494-CEH-JSS

RONALD DESANTIS, CHAD
CHRONISTER, MARY O'CONNER,
ST. JOSEPH HOSPITAL SOUTH and
ST. ANTHONY HOSPITAL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff moves the court to proceed *in forma pauperis*. (Motion, Dkt. 2.) Upon consideration, it is recommended that the Motion be denied without prejudice and Plaintiff's Complaint (Dkt. 1) be dismissed without prejudice.

## APPLICABLE STANDARDS

    Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). A court's decision to grant *in forma pauperis* status is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). When considering a motion filed under § 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)

(quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).  However, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## ANALYSIS

Upon review of the Motion, it appears that Plaintiff may be financially eligible to proceed *in forma pauperis* in this case.  Nonetheless, the undersigned recommends that Plaintiff's Complaint be dismissed because it fails to properly state claims as required by the Federal Rules of Civil Procedure.  Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules."  *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

Plaintiff's allegations, as set forth in the complaint, fail to satisfy the requirements of Federal Rule of Civil Procedure 8(a).  Rule 8(a) requires that a complaint contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a).  A complaint must give "the defendant fair notice of what the ... claim is and the grounds upon which it rests" and provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007); *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'").

In the complaint, Plaintiff asserts that Defendants "issued [] final decision[s]" affecting Plaintiff's rights in violation of various federal and Florida statutes and states that she is seeking monetary, punitive, and compensatory damages. (Dkt. 1 at 5, 7, 9, 11, 13.) Plaintiff alleges that Defendants the Human Resources Department of St. Anthony's Hospital and the Human Resources Department of St. Joseph's Hospital "issued final decision[s]" violating Plaintiff's rights to not be harassed, discriminated against, or undergo retaliation on October 14, 2022 and October 15, 2022, respectively. (*Id.* at 5, 7.) Plaintiff also alleges that Defendant Ronald DeSantis, Governor of Florida, Defendant Chad Chronister, Chief of the Hillsborough County Sheriff's Office, and Defendant Mary O'Connor, Tampa Chief of Police "issued final decision[s]" variously affecting Plaintiff's rights to not be harassed, retaliated against, be abused by power, have her mail obstructed, undergo official misconduct, and undergo abuse of power on August 7, 2022 and September 14, 2022.[1] (*Id.* at 9, 11, 13.) However, Plaintiff does not provide any additional allegations regarding the factual circumstances of these alleged "final decision[s]" or how Defendants' actions harmed Plaintiff or violated Plaintiff's rights. As pleaded, Plaintiff's Complaint fails to give Defendants "fair notice of what the . . . [claims are] and the grounds upon which [they

---

[1] Defendant Mary O'Connor is alleged to have issued a final decision only on August 7, 2022.

rest.]" *Twombly*, 550 U.S. at 555.  The bare-bones allegations in the complaint are thus insufficient to satisfy Rule 8.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (quoting *Twombly*, 550 U.S. at 555).  In addition, Plaintiff's Complaint fails to set out the allegations in separate, numbered paragraphs as required by Federal Rule of Civil Procedure 10(b).

    Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice") (internal quotation and citation omitted).  It is recommended that the second amended complaint, if any, be due within 20 days of the date this Report and Recommendation becomes final.

- 5 -

**IT IS SO REPORTED** in Tampa, Florida, on November 15, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Counsel of Record