# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

VANESSA ROBINSON,

     Plaintiff,

v.                                  Case No: 8:22-cv-2494-CEH-JSS

RONALD DESANTIS, ST. JOSEPH
HOSPITAL SOUTH, ST. ANTHONY
HOSPITAL, HILLSBOROUGH
COUNTY SHERIFF'S OFFICE and
TAMPA POLICE DEPARTMENT,

     Defendants.

_____

## ORDER

     This matter comes before the Court on Plaintiff Vanessa Robinson's Motion to Seal Case (Doc. 13). Plaintiff, who is proceeding *pro se*,[1] alleges violations of her civil rights pursuant to 42 U.S.C. § 1983 (Doc. 10). A renewed motion to proceed *in forma pauperis* is currently pending (Doc. 11).

---

[1] *Pro se* parties should review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, which can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules  The Court encourages *pro se* parties to consult the "Litigants Without Lawyers" guide on the Court's website, located at http://www.fmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Civil forms, including form complaints, are available at the following hyperlink: https://www.flmd.uscourts.gov/forms/all/civil-forms.

In the instant motion, Plaintiff requests that her case be sealed from the public "due to safety concerns, threats and people that I am pursuing as defendants." Doc. 13 at 2. Upon due consideration and review, the motion will be denied without prejudice.

<u>DISCUSSION</u>

It has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir.2001)); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

The question of whether good cause exists is decided:

> "by the nature and character of the information in question." *Id.* at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

2

*Romero*, 480 F.3d at 1246.  Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance*, 2017 WL 320830, at *2. "[A] party requesting to seal any portion of a judicial record bears [a] heavy burden," while "[a] party seeking to seal an entire record bears an even heavier" one. *Doe v. Neighborhood Restaurant Partners*, 8:22-cv-2483-TPB-CPT, 2022 WL 17360654, *1 (M.D. Fla. Dec. 1, 2022) (Barber, J.) (quotations omitted).

Moreover, the Local Rules for the Middle District of Florida impose a set of requirements with which motions to seal must comply.   Pursuant to Local Rule 1.11(c), a motion to seal:

> (1) must include in the title "Motion for Leave to File Under Seal";
> (2) must describe the item proposed for sealing;
> (3) must state the reason:
>     (A) filing the item is necessary,
>     (B) sealing the item is necessary, and
>     (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;
> (4) must propose a duration of the seal;
> (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
> (6) must include a legal memorandum supporting the seal; but
> (7) must not include the item proposed for sealing.

Local Rule 1.11(c), Middle District of Florida.  The party seeking the seal must ensure that it sufficiently addresses these requirements as to all the items designated for sealing.

Here, Plaintiff requests to seal her entire case from public view, rather than any particular document. Doc. 13.  She explains her request is due to "safety concerns,

threats and people that I am pursuing as defendants." *Id.* at 2.  She does not elaborate on her concerns or any specific threats she has received. *Id.*

As a threshold matter, Plaintiff's motion does not comply with the procedural requirements of Rule 1.11(c).  For example, it does not state the reason any means other than sealing the entire case is inadequate, propose a duration of the seal, or include a legal memorandum supporting the seal.  Compliance with these procedural requirements would provide the Court with additional information that would allow it to more fully evaluate Plaintiff's request.[2]

Aside from these procedural deficiencies, Plaintiff's motion does not establish good cause that overcomes the public's right to access or demonstrate that the continued disclosure of her case will cause a clearly defined and similar injury. *See Romero*, 480 F.3d at 1245 *Digital Assurance*, 2017 WL 320830 at *2.  Plaintiff mentions the "people that I am pursuing as defendants" as a reason for sealing, which the Court interprets as a reference to the defendants' status as government officials or agencies. Doc. 13 at 2.  However, sealing the case from the public would not impact the defendants' ability to view her allegations against them.[3]

---

[2] The Court also directs Plaintiff to Local Rule 3.01, which contains the procedural requirements for all motions.

[3] To the extent Plaintiff seeks to be anonymous *from* the defendants, she may file a motion to proceed anonymously.  Although there is a "strong presumption in favor of parties proceeding in their own names" because "[d]efendants have the right to know who their accusers are... the rule is not absolute." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).  "A party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315-16 (quotations omitted).

Nor does the Amended Complaint provide a basis for sealing, as allegations of retaliation by government officials and agencies do not, themselves, provide good cause. The Amended Complaint does not contain any private or confidential information that would cause a clearly defined and serious injury if disclosed. *See Doe*, 2022 WL 17360654 at *1 (collecting cases and finding that even a plaintiff who was the alleged victim of sexual assault did not establish good cause for sealing the case).

Plaintiff has not met her heavy burden of overcoming the public's right of access and establishing good cause to seal her case. Her motion is therefore due to be denied, without prejudice.[4]

Accordingly, it is **ORDERED**:

1. Plaintiff Vanessa Robinson's Motion to Seal Case (Doc. 13) is **DENIED without prejudice**.

   **DONE** and **ORDERED** in Tampa, Florida on December 21, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] A denial without prejudice permits a party to file a new motion, if desired, in order to correct any deficiencies identified in the Court's Order.